**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>James Defeo, Jr.,<br><br>　　　　　　　　　　　　Debtor. | C/A No. 20-03738-JW<br><br>Adv. Pro. No. 20-80090-JW<br><br>Adv. Pro. No. 21-80011-JW<br><br>Chapter 13<br><br>**ORDER ON DISCLOSURES OF COMPENSATION** |
| James Defeo,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Radius Global Solutions LLC,<br><br>　　　　　　　　　　　　Defendant. | |
| James Defeo,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Winyah Surgical Specialists, P.A. doing business as Winyah Surgical Specialists,<br><br>　　　　　　　　　　　　Defendant. | |

　　　　This matter comes before the Court upon the Amended Attorney Fee Disclosure Statement filed by David Hart Breen of Breen Law Firm ("David Breen") on March 8, 2021 and the Disclosure of Compensation of Attorney for Debtor filed by Matthew M. Breen of Lowcountry Law, LLC ("Matthew Breen") on March 15, 2021, which related to their representation of James Defeo, Jr. ("Debtor") in the adversary proceeding *Defeo v. Radius Global Solutions, LLC* (Adv. Pro. No. 20-80090-jw) ("First Adversary Proceeding"). David Breen and Matthew Breen have also filed separate Disclosures of Compensation of Attorney

for Debtor on March 15, 2021 as to the representation of Debtor in the pending adversary proceeding *Defeo v. Winyah Surgical Specialists, P.A.* (Adv. Pro. No. 21-80011-JW) ("Second Adversary Proceeding). Pursuant to Fed. R. Civ. P. 52, which is made applicable to the present matter by Fed. R. Bankr. P. 7052 and 9014, the Court makes the following findings of fact and conclusions of law.[1]

## FINDINGS OF FACT

1. On October 2, 2020, Debtor, represented by David Breen, filed a petition for relief under chapter 13 of the Bankruptcy Code. As part of the schedules and statements filed with the petition, David Breen filed his first Disclosure of Compensation of Attorney for Debtor ("First Disclosure"), which indicated that he had agreed to accept a flat fee of $4,000.00 for certain services in the case, of which Debtor had paid $1,725.00 directly prior to filing the petition. The First Disclosure indicated that the $4,000.00 fee includes legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters . . . .

The First Disclosure indicated that David Breen had not agreed to share the $4,000 compensation with any other person. The First Disclosure also did not include a copy of David Breen's representation agreement as required by the District's local bankruptcy rules. *See* SC LBR 2016-1(b)(1).

---

[1] To the extent the following findings of fact are conclusions of law, they are adopted as such, and vice versa.

2. On November 12, 2020, Debtor commenced the First Adversary Proceeding by filing a complaint against Radius Global Solutions, LLC ("Radius") for a violation of the automatic stay under 11 U.S.C. § 362(k) relating to the mailing of a post-petition collection letter. The complaint was signed by David Breen and Matthew Breen separately as attorneys for Debtor/Plaintiff and listed the contract address as the office of David Breen and the Breen Law Firm in Myrtle Beach, South Carolina.

3. Also on November 12, 2020, Matthew Breen of Lowcountry Law, LLC filed a notice of appearance in the First Adversary Proceeding, indicating his representation of Debtor is limited to the services provided in the First Adversary Proceeding and not Debtor's main bankruptcy case. The notice of appearance listed a different address in Mount Pleasant, South Carolina than the Myrtle Beach address included in the complaint.

4. Debtor and David Breen of the Breen Law Firm also entered a representation agreement on November 12, 2020 regarding the services to be provided in the First Adversary Proceeding. Debtor agreed to pay David Breen $400 per hour for work performed in the Court and $350 per hour for work performed outside of the court, $100 per hour for the time of David Breen's assistant, as well as all litigation costs incurred relating to the First Adversary Proceeding. The representation agreement also provided the following regarding the retention of co-counsel in the First Adversary Proceeding:

> [Debtor] also permits and consents to Attorney David H. Breen and the Breen Law Firm in his sole discretion to associate and in [sic] retain co-counsel to assist in the adversarial litigation case and matter and [Debtor] agrees to pay said co-counsel's applicable hourly rate for all co-counsel attorney time and also pay for any litigation costs that said co-counsel incurs.

5. Lastly, David Breen and Matthew Breen/Lowcountry Law, LLC entered a Co-Counsel Representation Agreement on November 12, 2020, which indicated that David Breen

and the Breen Law Firm retained Lowcountry Law, LLC and Matthew Breen to provide services in the First Adversary Proceeding at an hourly rate of $250.00 per hour. Apparently, these services would be additional to those provided by David Breen and the Breen Law Firm.

6.    On February 15, 2021, Debtor commenced the Second Adversary Proceeding for a violation of the automatic stay under § 362(k) against Winyah Surgical Specialists (Adv. Pro. No. 21-80011). The Second Adversary Proceeding remains pending as of the entry of this Order.

7.    On March 3, 2021, David Breen emailed the Court to advise that the First Adversary Proceeding was settled by Radius agreeing to pay $7,500 to Debtor. Of that $7,500, $1,500 would be paid to Debtor for damages for emotional distress and lost wages, while the remainder would be paid to counsel for the services provided in the First Adversary Proceeding. On March 3, 2021, David Breen and Matthew Breen filed a proposed stipulation of dismissal; however, the proposed stipulation did not include the consent of Radius, and the Court issued a deficiency notice accordingly. Thereafter, David Breen, Matthew Breen and counsel for Radius filed a revised stipulation of dismissal with prejudice on March 5, 2021, which resolved and concluded the First Adversary Proceeding.

8.    In Debtor's bankruptcy case, David Breen filed the Amended Attorney Fee Disclosure Statement ("Amended Disclosure") on March 8, 2021. The Amended Disclosure indicated that David Breen agreed to accept $10,000 for legal services with $6,000 to be paid by Radius. The Amended Disclosure indicated that David Breen agreed that $3,000 of the compensation paid by Radius would be provided to Matthew Breen and Lowcountry Law, LLC.

9.     Thereafter, David Breen submitted the time records for the services provided in the First Adversary Proceeding, which listed the time entries for both David Breen and Matthew Breen, listing services in nine-minute increments at the $350 per hour rate for David Breen and $250 per hour rate for Matthew Breen. The time records indicate a total fee of $11,795.20, with Matthew Breen completing 22.6 hours of work and David Breen completing 17.55 hours of work.[2] It appears Matthew Breen assisted with negotiations with counsel for Radius and certain matters involving discovery, summary judgment, and consideration of Radius's offer of settlement.

10.    On March 15, 2021, Matthew Breen of the Lowcountry Law, LLC filed a Disclosure of Compensation of Attorney for Debtor ("First Disclosure") in the main case (C/A No. 20-03738-JW), indicating that he agreed to accept $3,000 for the legal services provided in the First Adversary Proceeding.

11.    Also on March 15, 2021, David Breen filed a Second Amended Disclosure of Compensation of Attorney for Debtor ("Second Amended Disclosure") for his representation of Debtor in the Second Adversary Proceeding. The Second Amended Disclosure indicates David Breen has agreed to accept "TBD" for legal services for representation of Debtor in the Second Adversary Proceeding and that he has agreed to share the compensation from the Second Adversary Proceeding with a person who is not a member of Breen Law Firm. Attached to Second Amended Disclosure are David Breen's representation agreement with Debtor for services in the Second Adversary Proceeding as well as David Breen's agreement with Matthew Breen and Lowcountry Law, LLC to serve as his co-counsel. The representation

---

[2] It appears that the total fee amount included on the time records provided by David Breen contained a typo as the Court's calculation of the total fee based upon the time and rates asserted in the time records is $11,792.50 ((17.55 hours x $350/hr.)+(22.6 hours x $250/hr.).

5

agreement and co-counsel agreement for the Second Adversary Proceeding are dated February 15, 2021 and are nearly identical to the agreements entered by the parties in the First Adversary Proceeding.

12.  Matthew Breen filed a second Disclosure of Compensation of Attorney for Debtor ("Second Disclosure") on March 15, 2021 in the main case (C/A No. 20-03738-JW), indicating that he has agreed to accept "TBD" for legal services in the Second Adversary Proceeding.

## CONCLUSIONS OF LAW

The circumstances of the matter before the Court appear uncommon, including the involvement of co-counsel and the form of agreement between them for services in the adversary proceedings. The issues presented include whether co-counsel in this matter is a debt relief agency subject to the requirements included in the Bankruptcy Code and whether the compensation disclosures were timely filed.

**1. Are Matthew Breen and Lowcountry Law, LLC Debt Relief Agencies?**

As part of the 2005 amendments to the Bankruptcy Code, Congress enacted sections 526, 527, and 528 of the Bankruptcy Code to regulate the practice of debt relief agencies.[3] The Code defines a "debt relief agency" as "any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration . . . ."[4] 11 U.S.C. § 101(12A) (2021). This definition includes two additional terms that are themselves defined by the Bankruptcy Code, "assisted person" and "bankruptcy

---

[3] Further reference to the Bankruptcy Code (11 U.S.C. §§ 101, *et al.*) will be by section number only.

[4] The Code provides certain exceptions to the definition of debt relief agency that are not applicable to the present matter, including "any person who is an officer, director, employee or agent of a person who provides such assistance[,]" as well as §501(c)(3) tax-exempt non-profit organizations.

assistance." "Assisted person" is defined as "any person whose debts consist primarily of consumer debts and value of whose nonexempt property is less than [$204,425]." *Id.* at § 101(3). Further, "bankruptcy assistance" is defined as

> any goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at a creditors' meeting or appearing in a case or proceeding on behalf of another or providing legal representation with respect to a case or proceeding under [the Bankruptcy Code].

*Id.* at § 101(4A). The definition is broad and appears to include most aspects of representation of a debtor. The Supreme Court of the United States has held that attorneys who provide "bankruptcy assistance" as defined by the Code are debt relief agencies, subject to §§ 526, 527, and 528. *See Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229, 239 (2010).

In the present matter, Debtor is an "assisted person" as defined by the Code. In Debtor's petition and schedules and statements, Debtor indicated that his debts are primarily consumer debts and that the value of his nonexempt assets is less than $204,425.

In addition, the Court finds that in his representation of Debtor in the First Adversary Proceeding and Second Adversary Proceeding, Matthew Breen and Lowcountry Law, LLC provided legal representation with respect to proceedings under the Bankruptcy Code. Both adversary proceedings center on alleged violations of the automatic stay, a cause of action based solely in the Bankruptcy Code brought before the U.S. Bankruptcy Court in connection with Debtor's bankruptcy case. *See* 11 U.S.C. § 362(k) (2021).

Finally, Matthew Breen has agreed to receive compensation for representation in these two adversary proceedings. Therefore, the Court finds, that by agreeing to receive compensation to represent Debtor, an assisted person, in the adversary proceeding, Matthew

7

Breen and Lowcountry Law, LLC satisfy the definition of a "debt relief agency" under the Code.

    **2. Have Matthew Breen and Lowcountry Law, LLC Satisfied the Requirements of § 528?**

As a debt relief agency as defined by the Code, Matthew Breen and Lowcountry Law, LLC are subject to the requirements governing debt relief agencies under §§ 526, 527, and 528. Relevant to the present matter, § 528 provides that:

> A debt relief agency shall not later than 5 business days after the first date on which such agency provides any bankruptcy assistance services to an assisted person . . . <u>execute a written contract with such assisted person that explains clearly and conspicuously</u>—
>     (A) the services such agency will provide to such assisted person; and
>     (B) the fees or charges for such services, and the terms of payment.

11 U.S.C. § 528(a)(1) (2021) (emphasis added).

In the present matter, the record reflects that neither Matthew Breen nor Lowcountry Law, LLC entered into a written contract directly with Debtor before providing representation in the First and Second Adversary Proceedings. Rather, it appears David Breen solely entered into representation agreements with Debtor for representation in these proceedings, which provided that David Breen, in his sole discretion, may hire co-counsel and that Debtor would be responsible for the co-counsel's fees and costs, without reference to who would be co-counsel or the hourly rates to be charged by that unnamed co-counsel. Thereafter, David Breen entered a separate co-counsel agreement solely with Matthew Breen, setting forth an hourly rate of $250 per hour plus costs for representation in the adversary proceeding.

Debtor was not a party to the co-counsel agreement, and it is not clear whether Debtor was actually aware of the services and fees rates charged by Matthew Breen. Put simply, despite providing services to Debtor, Matthew Breen and Lowcountry Law, LLC only have

8

contractual relationships with David Breen and the Breen Law Firm. Such arrangements appear to circumvent the purpose and protections provided under § 528 by skirting the requirement for a debt relief agency to obtan a written contract with the assisted person when providing bankruptcy services to that person. *See Law Solutions. of Chicago LLC v. Corbett*, 971 F.3d 1299, 1305 (11th Cir. 2020) ("If the attorney qualifies as a debt relief agency, § 528(a) requires that she provide her clients with a written contract that "clearly and conspicuously" explains the services that will be provided to the client for the agreed upon charge . . . .").

Further, the Court finds that the provision of David Breen's representation agreements with Debtor that provides that he may alone elect to retain co-counsel cannot be viewed as a waiver of the written agreement requirement under § 528(a)(1) as to the representation of Matthew Breen and Lowcountry Law, LLC. Specifically, § 526(b) provides that "[a]ny waiver by any assisted person of any protection or right provided under § 526 shall not be enforceable against the debtor by any Federal or State court or any other person . . . ." Among other items, some of the protections for an assisted person under § 526 include that any contract for bankruptcy assistance is void and unenforceable if the contract does not comply with the material requirements of §§ 527 and 528, as well as potential liability to the debt relief agency for the negligent or intentional failure to comply with the requirements of §§ 527 and 528. *See* 11 U.S.C. § 526(c) (2021); 4 Collier on Bankruptcy ¶ 526.04[1] (16th ed. 2020) ("By its clear terms, section 526 incorporates the material requirements of sections 527 and 528."). Therefore, as a practical matter, a debt relief agency cannot contract out of the requirements under §§ 526, 527, and 528 with the assisted person/debtor as the debt relief agency will

9

remain liable for any damages resulting from the noncompliance and/or have the contract voided pursuant to the provisions of § 526(c).

By providing legal representation to Debtor in the adversary proceedings without executing a written agreement with Debtor, Matthew Breen and Lowcountry Law, LLC, as debt relief agencies, appear to have violated the requirements of § 528(a).[5]

### 3. Were the Disclosures of Compensation Filed Timely?

The Bankruptcy Code also requires under § 329(a) that all attorney's representing a debtor in a bankruptcy case or in connection with a bankruptcy case, regardless of whether that attorney is applying for compensation from the estate, to "file with the Court a statement of compensation paid or agreed to be paid, if such payment or agreement was made after a year before the date of the filing of the petition, for services rendered or to be rendered in contemplation or in connection with the case by such attorney, and the source of such compensation." Fed. Bankr. R. P. 2016(b) further directs when a statement of compensation must be filed under § 329(a). For prepetition agreements and payments, the statement must be filed within 14 days after the petition. For post-petition agreements, "[a] supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed."[6]

---

[5] To the degree that counsel relies on the South Carolina Model Rules of Professional Conduct under SC R. App. Prac. 407, the Court observes that the Bankruptcy Code and Rules may provide additional requirements on counsel in such matters. *See In re Negron*, 616 B.R. 583, 593 (Bankr. D.P.R. 2020) ("The Court notes that retainer agreements in bankruptcy must comply with section 528, are held to a higher standard than conventional contracts, and are subject to applicable codes of professional responsibility.").

[6] The Court also notes the language of Fed. R. Bankr. P. 2017(b), which provides that:

On motion by the debtor, the United States Trustee, or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer made or is to be made directly or indirectly, if the payment, transfer or agreement therefor is for services in any way related to the case.

10

A debtor's attorney has a continuous duty to disclose new fee payments and representation agreements during the course of the debtor's case. In the context of consumer chapter 13 cases, compliance with the disclosure requirements under § 329(a) and Fed. R. Bankr. P. 2016(b) are especially important as counsel does not need to be appointed as a prerequisite to receiving compensation. *See In re Fricker*, 131 B.R. 932, 940 (Bankr. E.D. Pa. 1991).

In the present matter, David Breen included the representation of Debtor in adversary proceedings in his First Disclosure filed at the commencement of the main case (C/A No. 20-03738-JW). The reasonable view is that such services were to be covered by the flat expedited fee indicated under that disclosure. However, David Breen also entered into two post-petition representation agreements with Debtor as to his representation in the two adversary proceedings. The first agreement was entered on November 12, 2020 but was not disclosed to the Court until March 8, 2021 when David Breen filed the Amended Disclosure. The second agreement was entered on February 15, 2021, but not disclosed to the Court until March 15, 2021 when David Breen filed the Second Amended Disclosure. In both circumstances, the new representation agreements were not disclosed in a timely fashion under Fed. R. Bankr. P. 2016(b). To the extent that Matthew Breen had or should have had written representation agreements with Debtor, he would also be subject to the disclosure requirements under § 329 and Fed. R. Bankr. P. 2016(b) and therefore has failed to timely comply.

4. **Consequences for Noncompliance with Bankruptcy Code and Rules**

For violations of the disclosure requirements under § 329(a) and Fed. R. Bankr. P. 2016(b), the Court has wide-discretion to fashion an appropriate remedy, including denying or disgorging the full amount of compensation requested or paid that was not properly

disclosed. *See In re TJN, Inc.*, 194 B.R. 400, 403–04 (Bankr. D.S.C. 1996) (noting that the sanction for noncompliance with Fed. R. Bankr. P. 2016(b) is in the discretion of the Court and ultimately reducing the compensation paid to a law firm after it failed to comply with requirements of the rule). "The disclosure requirements imposed by § 329 are mandatory, not permissive, and an attorney who fails to comply with the disclosure requirements forfeits any right to receive compensation." *Peugeot v. United States Trustee (In re Crayton)*, 192 B.R. 970, 981 (9th Cir. 1996).

Further, for violations of the requirements of debt relief agencies under §§ 526, 527 and 528 of the Code, § 526(c) provides for the remedies, which, depending on the violation, includes finding that the written agreement between counsel and the debtor is void and/or a finding of monetary liability. To the extent sanctions in addition to the assisted person's damages may be warranted under § 526(c), the Court may consider the particular circumstances of the debt relief agency when fixing sanctions. *See In re Spence*, 411 B.R. 230, 243 (Bankr. D. Md. 2009) (noting that the fact that an ambiguity may have misled the debt relief agency from complying with the Code may be taken into account when fixing sanctions).

In reviewing the record of the First Adversary Proceeding, the litigation has concluded and ultimately led to a payment to Debtor as part of the recovery of settlement proceeds from Radius. The Second Adversary Proceeding is still pending and appears contested. Therefore, in lieu of making a determination at this time regarding the consequences for the violations of the Bankruptcy Code and Rules in the present matter, the Court finds a hearing attended by Debtor, Matthew Breen, and David Breen is necessary. The purpose of the hearing is to hear from counsel on the matter, and the Court is not necessarily intending to sanction or reduce

the fees paid to counsel. **The Court hereby schedules a hearing for April 7, 2021 at 11:00 AM at the United States Bankruptcy Courtroom, King and Queen Building, 145 King Street, Room 225, Charleston, South Carolina, 29401, which will be conducted by video conference capability.**[7]

Prior to the hearing, **but no later than 10:00 AM on April 5, 2021**, David Breen, the Breen Law Firm, Matthew Breen, and Lowcountry Law Firm, LLC shall self-report all adversary proceedings in which they serve or have served as co-counsel under agreements similar to those in these proceedings within the last three years and provide the relevant fee disclosures and agreements if not otherwise filed in the applicable cases.[8]

**AND IT IS SO ORDERED.**

Columbia, South Carolina
March 25, 2021

**FILED BY THE COURT
03/25/2021**



Entered: 03/25/2021

US Bankruptcy Judge
District of South Carolina

---

[7] The Courtroom Deputy will be in contact with the parties and counsel about the procedures for attending the video hearing.

[8] Based upon a review of the adversary proceedings commenced in the last three years, it appears 24 adversary proceedings have been filed by David Breen and/or Matthew Breen, typically in the nature of actions for violations of the automatic stay, the vast majority of which concluded by a stipulation of dismissal based upon a settlement in which the primary damages recovered are attorney's fees and costs. Of those 24 adversary proceedings, nine of the complaints were signed by David Breen solely, fourteen by both attorneys, and one by Matthew Breen solely. It appears that six of the adversary proceedings remain open and pending.